Evans v. Work Opportunities Unlimited CV-96-24-SD    04/24/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Marcia Evans


        v.                                      Civil No. 96-24-SD


Work Opportunities
 Unlimited, Inc.;
Paul Wilson;
Joseph Leddy


                        O R D E R


     In this civil action, plaintiff Marcia Evans brings a four-

count complaint for alleged workplace discrimination against her

employer, Work Opportunities Unlimited, Inc. (WOU), and two

individuals, Paul Wilson and Joseph Leddy, employed by WOU as

supervisory personnel.

     Presently before the court is defendants' motion to dismiss

portions of the complaint, to which plaintiff has objected.


1.  Background

     In 1989 plaintiff Marcia Evans was hired by WOU as a

vocational specialist in its Concord, New Hampshire, office.

Complaint ¶ 18.  WOU "is in the business of placing disabled

clients with third-party employers . . . [and] employs vocational

specialists to supervise its disabled clients working" for such third-party employers. Id. ¶ 17. Plaintiff's immediate supervisor at WOU was defendant Paul Wilson, id. ¶ 19, who was himself supervised by defendant Joseph Leddy, id. ¶ 30.

At all times relevant to the instant litigation, "plaintiff suffered from bilateral ankle instability and permanent physical impairment of her right leg." Id. ¶ 15. Although her treating physician has classified her disability as "permanent," id., plaintiff is able to work full-time with limitations on the amount of "bending, kneeling, standing, or walking" she can perform and absolute restrictions on any "squatting or climbing . . . .," id.

On or about March 20, 1994, plaintiff's long-standing work assignment changed. Id. ¶ 22. She now supervised an individual who could not perform his job requirements, primarily janitorial services, without "significant assistance" from the plaintiff, assistance which included lifting and carrying. Id. ¶ 23. In or about May or June 1994, plaintiff informed defendant Wilson that neither she nor the individual she supervised could perform the duties required of them. Id. ¶ 24. Defendant Wilson's alleged accommodation consisted of shortening their work day from four to three hours. Id. ¶ 25.

Plaintiff maintains that her medical disability was so

2

aggravated by her new employment conditions that she needed to take a one-week "medical leave of absence from her job to recuperate." Id. ¶ 27. Upon returning from such medical leave, plaintiff's employment was terminated. Id. ¶ 28. Subsequent complaints to defendant Leddy were to no avail, as he "refused to revoke said termination." Id. ¶ 30.

Thereafter, plaintiff filed a charge of discrimination with the New Hampshire Commission for Human Rights on December 2, 1994. A notice of right to sue was subsequently issued on October 18, 1995. On January 16, 1996, plaintiff filed suit in this federal court, seeking recovery from all defendants for their alleged violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112(a), 12112(b)(1), 12112(b)(5)(A), 12112(b)(B), and 12112(d)(1), as well as New Hampshire Revised Statutes Annotated (RSA) 354-A. Plaintiff further seeks punitive and enhanced compensatory damages.

## 2. Discussion

### a. The Motion to Dismiss Standard

The task of a court presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

3

support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Thus, the court takes all of plaintiff's factual averments as true and indulges every reasonable inference in plaintiff's favor.  Talbott v. C.R. Bard, Inc., 63 F.3d 25, 27 (1st Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3593 (U.S. Feb. 16, 1996) (No. 95-1321); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

b.  ADA Claims and "Agents"

Individual defendants Wilson and Leddy move to dismiss plaintiff's ADA allegations against them, arguing that as agents of WOU, liability under the ADA does not attach to their alleged actions.  This court has recently canvassed the legal landscape regarding Title VII's "agent" language[*] and has concluded that "instead of intending to impose personal liability, Congress included the 'agent' working merely to emphasize that employers are subject to the principles of respondeat superior."  Miller v. CBC Cos., Inc., 908 F. Supp. 1054, 1065 (D.N.H. 1995) (emphasis added) (collecting cases).

Accordingly, the court herewith grants individual defendants

---

[*]Noting that the relevant language is similar in both Title VII and the ADA, the First Circuit has indicated that resort to Title VII cases is appropriate in order to determine the issue of personal liability under the ADA.  See Carparts Distrib. Ctr. v. Automotive Wholesaler's Ass'n, 37 F.3d 12, 16 (1st Cir. 1994).

Wilson's and Leddy's motion to dismiss Count I as it pertains to them.

### c.  RSA 354-A

All defendants move the court to dismiss plaintiff's putative claim asserted pursuant to RSA 354-A.  As this court has had occasion to make clear in its prior rulings, RSA 354-A establishes an administrative process as a precursor to judicial review.  It does not create a private right of action for individuals aggrieved by unlawful discriminatory factors. Tsetseranos v. Tech Prototype, Inc., 893 F. Supp. 109, 119-20 (D.N.H. 1995); Doukas v. Metropolitan Life Ins. Co., 882 F. Supp. 1197, 1200-01 (D.N.H 1995).  Accordingly, the motion to dismiss as to Count II of plaintiff's complaint must be granted in favor of all defendants.

### d.  Punitive and Enhanced Compensatory Damages

Although under certain circumstances recovery of punitive damages is permissible under the ADA, see 42 U.S.C. § 12117 (referencing Title VII recovery provisions); 42 U.S.C. § 1981a; Braverman v. Penobscot Shoe Co., 859 F. Supp. 596, 604 (D. Me. 1994), having granted Wilson's and Leddy's motion to dismiss Count I, upon which the claim for punitive damages is contingent,

5

the court herewith further grants their motion to dismiss Count III.

Furthermore, except in certain statutorily identified instances not here relevant, punitive damages are not permitted under New Hampshire law.  See RSA 507:16 (Supp. 1994).  However, "the New Hampshire Supreme Court [has] authorized the augmentation of compensatory damages in certain cases."  DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 915 (1st  Cir. 1992) (citing Vratsenes v. N.H. Auto, Inc., 112 N.H. 71, 289 A.2d 66 (1972)).  In consequence of the court's dismissal of the RSA 354-A claim, the court further grants defendants' motion to dismiss Count IV, the state-law claim for enhanced compensatory damages, as to all defendants.


Conclusion

For the reasons set forth herein, defendants' motion to dismiss (document 6) is granted.  Counts I (ADA) and III (punitive damages) are dismissed as to individual defendants Wilson and Leddy.  Counts II (RSA 354-A) and IV (enhanced compensatory damages) are dismissed as to all defendants.  Accordingly, defendants Wilson and Leddy are to be removed from

6

the caption, and the case will thus proceed against defendant Work Opportunities Unlimited, Inc., as the sole named defendant.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 24, 1996

cc: Kimberly Kirkland, Esq.
    Jill K. Blackmer, Esq.