Sauer v. Universal, et al.          CV-96-454-M   02/13/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Catherine Sauer

    v.                                              Civil No. 96-454-M

Universal Instruments
and Daniel Schwendeman


**O R D E R**


Defendant Universal Instruments moves for partial summary
judgment with respect to plaintiff's discrimination claims.
Universal contends that Title VII's 300-day limitations period,
applicable in this case, and the 180-day limitation period
applicable to claims brought under New Hampshire Revised Statute
Annotated ("RSA") Chapter 354-A, preclude recovery for any
allegedly discriminatory conduct that occurred before limitations
periods ran.  Plaintiff objects, asserting both a serial
continuing violation theory and seeking equitable tolling of the
limitations periods.  For the reasons that follow, Universal's
motion is granted.


**Standard of Review**

Summary judgment is appropriate if the "pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to judgment as a matter of law." Fed. R. Civ. P.
56(c).  The moving party first must show the absence of a genuine

issue of material fact for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The court interprets the record in the light most favorable to the nonmoving party and resolves all inferences in its favor. <u>Saenger Organization v. Nationwide Ins. Assoc.</u>, 119 F.3d 55, 57 (1st Cir. 1997). Thus, summary judgment will be granted if the record shows no trialworthy factual issue and if the moving party is entitled to judgment as a matter of law. <u>EEOC v. Green</u>, 76 F.3d 19, 23 (1st Cir. 1996).

**<u>Discussion</u>**

Plaintiff alleges violations of Title VII, 42 U.S.C.A. § 2000e, and RSA 354-A:7, I, through sexual harassment, retaliation, and discriminatory termination of her employment with Universal. Universal seeks summary judgment to bar recovery for allegedly discriminatory action taken before each limitation period ran. Universal contends that no action taken before February 11, 1995, can form the basis of a Title VII claim, and no action taken before June 11, 1995, can form the basis of a claim under RSA 354-A. Sauer objects to summary judgment on grounds that the discrimination she experienced amounted to a continuing serial violation and, alternatively, that under the

2

circumstances of this case, the applicable limitations periods should be equitably tolled. Since the parties have demonstrated in their memoranda that they are thoroughly familiar with the legal principles pertinent to Sauer's Title VII claim, the court will directly address the disputed issues.

## A.   Continuing Serial Violation

Universal contends that Sauer cannot show a "substantial relationship" between the discriminatory acts that she says occurred before February 11, 1995, and those that occurred after. See Sabree v. United Bhd. of Carpenters & Joiners, 921 F.2d 396, 401 (1st Cir. 1990). To establish the necessary "substantial relationship," Sauer must be able to show that she did not know and should not have known that she was being discriminated against before February 11. Id. at 402. If Sauer knew before February 11 that the actions of Daniel Schwendeman and other Universal employees constituted sexual harassment or other gender-based discrimination against her, she cannot now "reach back" beyond the limitation period to recover for that discrimination. See Id.; see also Speer v. Rand McNally & Co., 123 F.3d 658, 663-64 (7th Cir. 1997); Rose v. Baystate Medical Center, Inc., No. 96-30054-MAP, 1997 WL 784097 at *3-4 (D. Mass., Nov. 25, 1997); Forsythe v. Microtouch Systems, Inc., 945 F. Supp. 350, 358 (D. Mass. 1996).

For purposes of summary judgment only, Universal does not contest Sauer's allegations of harassment and discrimination.

Sauer alleges that she and Daniel Schwendeman, who was her supervisor at Universal, engaged in a consensual sexual relationship during one weekend in October 1994. On the way home, they agreed that their relationship would be limited to a professional one in the future. Thereafter, Sauer contends, Schwendeman telephoned her repeatedly to relate his sexual fantasies about her; made sexual comments to her; crowded and rubbed against her; appeared at her apartment uninvited; and left sexual and threatening messages on her telephone answering machine. Despite Sauer's instructions to Schwendeman to stop what she believed to be sexual harassment, he continued. Sauer contacted crisis counselors who suggested that she get legal help. Sauer may also have spoken to a paralegal at some point about the harassment.

In January 1995, after a particularly egregious incident in which Schwendeman took Sauer to his lake house, the "hotline" Sauer called for help suggested that she get Universal's policy on sexual harassment. On January 24, Sauer contacted Universal's Human Resources Department, and lodged a complaint about Schwendeman. Jeffrey Wagner told Sauer that the Human Resources Department would investigate and get back to her. Wagner subsequently told her (presumably on behalf of the Human Resources Department and the company) that he trusted Schwendeman to handle the situation.

After Sauer's complaint to human resources, Schwendeman stopped making sexual overtures and comments. Instead, he warned

4

her not to cause problems; subjected her to unwarranted criticism and hostility; and assigned difficult last-minute projects for her to complete. Sauer's co-workers also began to treat her badly. Work place hostility that began in late January continued until after February 11, and until Sauer's employment at Universal eventually terminated.

Based on the undisputed factual sequence presented in this record, it is plain that post-limitations conduct was not necessary to apprise Sauer that she had been the target of sexual harassment and retaliatory discrimination. Instead, it is apparent that Sauer was well aware, before February 11, 1995, that she was being sexually harassed. She explicitly was advised to seek legal help, and she even lodged a specific complaint with the company's human resources department, all before February 11. Since Sauer has not demonstrated that any triable issue exists as to the necessary relationship between the pre-limitations and the post-limitations period conduct, she cannot avoid the Title VII limitations bar based on an allegation of a serial continuing violation.

B.  **Equitable Tolling or Estoppel**

Alternatively, Sauer argues that the limitations period should be tolled under the doctrines of equitable tolling and estoppel due to Universal's inequitable conduct. While equitable considerations may ameliorate statutory filing requirements, the First Circuit takes "a narrow view" of equitable exceptions to

5

the Title VII limitations period.  <u>Mack v. Great Atlantic and Pacific Tea Co., Inc.</u>, 871 F.2d 179, 185 (1st Cir. 1989).

Equitable tolling may extend a filing period if the plaintiff can show "excusable ignorance" of her rights, but the doctrine is not available if she was actually or constructively aware that her employer's discriminatory conduct violated the law.  <u>American Airlines, Inc. v. Cardoza-Rodriquez</u>, No. 97-1363, 1998 WL 2590 at *11 (1st Cir., Jan. 7, 1998); <u>see also</u> <u>Jensen v. Frank</u>, 912 F.2d 517, 521 (1st Cir. 1990).  Given the record presented here, Sauer has not shown that her complaint was delayed by any "excusable ignorance" of her Title VII rights.  On the contrary, she was well aware of her injuries, their cause, and her rights, or reasonably should have been.

Equitable estoppel may also modify a limitations period if "an employee is aware of [her] . . . rights but does not make a timely filing due to [her] reasonable reliance on [her] employer's misleading or confusing representations or conduct." <u>Kale v. Combined Ins. Co. of America</u>, 861 F.2d 746, 752 (1st Cir. 1988); <u>accord</u> <u>Ruffino v. State Street Bank and Trust Co.</u>, 908 F. Supp. 1019, 1040-41 (D. Mass. 1995).  Sauer points to Schwendeman's apparent lies to the human rights department about his conduct, and Wagner's incompetent handling of her complaint, as evidence of Universal's inequitable conduct.  While Schwendeman may have impeded Universal's investigation of Sauer's complaints to some extent, and likely added to Sauer's distress, she has not shown that that conduct either misled or confused her

with respect to the need to file a timely complaint for sexual harassment or retaliation.

Accordingly, as Sauer has not pointed to any disputed facts giving rise to a triable issue as to any legal theory that would allow her to base a discrimination claim on events or actions that occurred prior to expiration of the limitations period, defendants are entitled to partial summary judgment on her Title VII claim, to the extent it is based on conduct that occurred prior to February 11, 1995. Although the time-barred conduct cannot be part of Sauer's Title VII claim, evidence of those events may still be relevant to establish the context of a hostile work environment. See, e.g., United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977); Cortes v. Maxus Exploration Co., 977 F.2d 195, 199-200 (5th Cir. 1992); Mandy v. Minnesota Mining and Mfg., 940 F. Supp. 1463, 1469 (D. Minn. 1996); Ruffino v. State Street Bank and Trust, 908 F. Supp. 1019, 1039 (D. Mass. 1995).


C.  **Claims Pursuant to RSA 354-A**

Defendants move to limit Sauer's claims under RSA 354-A to events that took place after June 11, 1995, based on the statutory 180-day filing period. Although neither party addresses the issue, RSA chapter 354-A provides an administrative process to address unlawful discriminatory actions, but does not provide a private right of action. See Evans v. Work Opportunities Unlimited, Inc., 927 F. Supp. 554, 556 (D.N.H.

7

1996).  Because the law is well-settled, the court hereby dismisses plaintiff's RSA 354-A claims, without inviting supplemental briefing from the parties.


## <u>Conclusion</u>

For the foregoing reasons, defendant's motion for partial summary judgment (document no. 18) is granted.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

February 13, 1998

cc:  Paul W. Hodes, Esq.
     David Wolowitz, Esq.
     Francis G. Murphy, Jr., Esq.